George SOLIMAN, Plaintiff,

v.

TEXACO REFINING AND
MARKETING INC.,
Defendant.

No. H–88–4436.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 7, 1991.

Herbert W. Fortson, III, Houston, Tex., for plaintiff.

Edwin M. McKee, Read Koury, Cavalier & Associates, P.C., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

LAKE, District Judge.

Pending before the Court are Defendant, Texaco Refining and Marketing Inc.'s, Motion for Summary Judgment (Docket Entry No. 15, Exhibit A) and Plaintiff, George Soliman's, Cross–Motion for Summary Judgment. (Docket Entry No. 20)

The parties have stipulated to certain facts and have jointly moved for the determination of liability by the Court on the cross-motions for summary judgment. The parties have also agreed to submit the issues of damages and attorney's fees to binding mediation should these issues need to be addressed after the Court's determination of liability. The agreed facts show that Soliman and Texaco Inc., an affiliate of Texaco Refining and Marketing Inc., entered into a three-year lease and sales agreement in Huntington Beach, California. Under this agreement, Soliman was a franchisee of Texaco from 1974 until December 16, 1976, when the parties terminated the agreement by mutual cancellation prior to the expiration of the agreement. In 1987 Soliman and Texaco Refining and Marketing Inc. entered into a franchise agreement for the operation of a service station located on Royal Lane in Dallas, Texas. The term of the Royal Lane franchise was for a period of less than one year, beginning on February 16, 1987, and ending on January 31, 1988. On October 6, 1987, Texaco gave Soliman notice that it would not renew the Royal Lane franchise agreement in January 1988 because Texaco had decided to discontinue the Royal Lane location as an investment retail facility.

Soliman brought this action under the Petroleum Marketing Practices Act alleging that Texaco's notice of non-renewal of the Royal Lane franchise agreement violated the Act because the grounds for non-renewal stated in the notice were not permissible grounds for non-renewal under 15 U.S.C. § 2802(b)(3). Texaco contends that the Royal Lane franchise agreement is a trial franchise as defined in 15 U.S.C. § 2803, and that it is therefore exempt from the nonrenewal notice requirements of 15 U.S.C. § 2802. Texaco would ordinarily bear the burden of showing either that it complied with the notice requirements of § 2802(b)(3) or that the Royal Lane franchise was a trial franchise. 15 U.S.C. § 2805(c); *Lippo v. Mobil Oil Co.,* 802 F.2d 975, 977 (7th Cir.1986). The relevant facts have been stipulated, however, and only the legal question whether the Royal Lane franchise was a trial franchise is before the Court.

The Act provides that the notice provisions of 15 U.S.C. § 2802 shall not apply to the non-renewal of any franchise relationship under a trial franchise. 15 U.S.C. § 2803(a)(1). A trial franchise is defined by 15 U.S.C. § 2803(b)(1) as "... any franchise (A) which is entered into on or after June 19, 1978; (B) the franchisee of which has not previously been a party to a franchise with the franchisor; (C) the initial term of which is for a period of not more than 1 year; and (D) which is in writing and states clearly and conspicuously—(i) that the franchise is a trial franchise ... [and other specific terms]."

The Royal Lane franchise agreement was entered into after June 19, 1978, and the initial term of the agreement was not more than one year. A copy of the Royal Lane franchise agreement contained in the summary judgment evidence (Docket Entry No. 21, Exhibit C, paragraph 8) shows that the agreement is in writing and contains the clear and conspicuous language required by § 2803(b)(1)(D). The only issue is whether the Huntington Beach franchise between the parties was a previous franchise within the meaning of 15 U.S.C. § 2803(b)(1)(B) that precludes the Royal Lane franchise from being a trial franchise.

**230**

■ There is nothing in the language of § 2803(b)(1) that requires that a previous franchise be executed after the effective date of the Act or that requires that a previous franchise be subject to the termination or non-renewal notification requirements of the Act. Furthermore, § 2803 provides that a trial franchise may have been entered into as early as June 19, 1978, the effective date of the Act. Since determination of whether a franchise entered on that date was a trial franchise would necessarily require that the parties had not previously had a franchise agreement, Congress must have intended that pre-Act franchises would preclude the existence of a trial franchise. The Court concludes that a franchise entered into before the effective date of the Act is a previous franchise within the meaning of § 2803(b)(1)(B), which would preclude a subsequent franchise from being a trial franchise.

In arguing that a pre-Act franchise agreement between the parties cannot be a previous franchise within the meaning of 15 U.S.C. § 2803(b)(1)(B) Texaco places particular emphasis on *Ted's Tire Service, Inc. v. Chevron U.S.A. Inc.*, 470 F.Supp. 163 (D.Conn.1979), and urges the Court to adopt its rationale. In *Ted's Tire* the court held that the franchisor was not liable under the Act for failing to give notice of termination as required under 15 U.S.C. § 2802 before terminating a franchise that began and ended before the Act's effective date. The Court concluded that it was unreasonable to construe the language of the Act to subject a franchisor to civil liability for not complying with the termination notice requirements before the Act became effective. Texaco argues that the rationale used in *Ted's Tire* should apply in this case to prevent the Huntington Beach franchise from being considered as a previous franchise because the Huntington Beach franchise began and ended before the effective date of the Act.

■ *Ted's Tire* is not applicable to this case because of significant factual distinctions. In *Ted's Tire* the Court did not address the issue of what constitutes a previous franchise under 15 U.S.C. § 2803(b)(1)(B), nor did the Court consider any prior agreement between the parties to determine if the franchise in question was a trial franchise. The franchise that commenced and ended prior to the effective date of the Act was not a previous franchise, but was the franchise that Ted's Tire allegedly terminated wrongfully. Soliman does not seek to subject Texaco to civil liability for the termination of the Huntington Beach franchise, but merely seeks to have the Court consider that franchise in determining if there was a previous franchise between the parties that would preclude the Royal Lane franchise from being a trial franchise. Soliman seeks damages for the non-renewal of the Royal Lane franchise which, unlike the franchise at issue in *Ted's Tire*, was executed after the effective date of the Act.

Texaco also relies on *Farm Stores, Inc. v. Texaco Inc.*, 763 F.2d 1335 (11th Cir. 1985); *Lippo v. Mobil Oil Corp.*, 802 F.2d 975 (7th Cir.1986); and *Rapier v. Union Oil Co.*, No. 80–1170 (E.D.Tenn.), *aff'd*, 665 F.2d 1046 (6th Cir.1981), for the proposition that a franchise must have a termination date or renewal date after the effective date of the Act to be considered as a previous franchise. These cases do not hold, however, that a previous franchise within the meaning of 15 U.S.C. § 2803(b)(1)(B) must have a termination or renewal date after the effective date of the Act. They hold only that a plaintiff must show that the franchise agreement that was allegedly wrongfully terminated or non-renewed was executed or expired after the effective date of the Act to obtain relief under the Act.

■ The Court's determination that the 1974 Huntington Beach agreement between Soliman and Texaco is a franchise within the meaning of § 2803(b)(1)(B) of the Act does not, as Texaco argues, require a retroactive application of the Act. Defining an agreement that was executed before the effective date of the Act as a franchise under § 2803(b)(1)(B) merely characterizes the nature of the parties' prior relationship to determine how the provision of the Act will apply to prospective franchises. The Court's conclusion that the Huntington

Beach franchise is within the Act's definition of a prior franchise does not make the Huntington Beach franchise subject to any requirement of the Act, or impose any liability for the termination or non-renewal of the Huntington Beach franchise.

The Court concludes that an agreement made before the putative trial franchise can be considered as a previous franchise under 15 U.S.C. § 2803(b)(1)(B) even if it began or ended before the effective date of the Act. The 1987 Royal Lane franchise is not a trial franchise because Soliman, the franchisee of the Royal Lane franchise, had previously been a party to the Huntington Beach franchise with Texaco. Accordingly, the Plaintiff's Cross–Motion for Summary Judgment is GRANTED, and the Defendant's Motion for Summary Judgment is DENIED. The parties are ORDERED to submit within 30 days from the entry of this Memorandum and Order either a stipulation of damages and attorney's fees or an agreed order for binding mediation.